JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00048-RGK (MANx) | Date | February 10, 2011 |
|---|---|---|---|
| Title | *CHRISTY WILLIAMSON v. DEVRY UNIVERSITY, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Remanding Action to State Court

On November 22, 2010, Christy Williamson ("Plaintiff"), filed suit against Devry University, Inc. ("Defendant"). Plaintiff served the Complaint on Defendant on December 4, 2010. In her Complaint, Plaintiff asserts state claims for (1) failure to accommodate; (2) failure to engage in interactive process; (3) disability discrimination; (4) retaliation in violation of FEHA; and (5) wrongful termination in violation of public policy; and (6) unpaid wages.

On January 3, 2011, Defendant removed the action to this Court alleging diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). Defendant adequately shows that the parties are citizens of different states. However, Defendant attempts to show by a preponderance of the evidence that the amount in controversy exceeds $75,000, but does not succeed on the facts alleged.

Defendant states that, should Plaintiff prevail at trial, it is more likely than not that she could recover over $75,000 in damages. The only evidence Defendant relies upon is the fact that "in the last five years, multiple verdicts in similar disability discrimination cases entered in favor of plaintiffs in Los Angeles County [exceeded] $75,000." (Notice of Removal at 4:26-5:2.) This statement, by itself, is completely insufficient for meeting its burden of proof, as the Court cannot base jurisdiction on Defendant's speculation and conjecture. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (2007).

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                                            :

                                                                Initials of Preparer   slw